UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 04-677-C**

**LAWRENCE SCOTT CLARK, ET AL.,**                                                             **PLAINTIFFS,**

**V.**                      **MEMORANDUM OPINION AND ORDER**

**CITY OF ANCHORAGE, ET AL.,**                                                   **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on Louisville & Jefferson Metropolitan Sewer District's ("MSD") motion to dismiss under Fed. R. Civ. P. 12(b)(6). The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

**Factual and Procedural Background**

In evaluating a motion to dismiss, the court reviews the facts in a light most favorable to the plaintiffs, the nonmoving parties. *See Jones v. Carlisle*, 3 F.3d 945, 947 (1993).

In 1919, D.C. and Carrie Clarke became owners of property in Jefferson County, Kentucky. The Clarkes then subdivided the property into what would eventually be known as Bellevue Park and Lake. The subdivision consisted of 58 lots with a small lake and park at the center; the park and lake were dedicated for public use. At some time in the 1960s, the City of Anchorage ("Anchorage") began to use the property in a manner inconsistent with the original dedication, draining and filling the lake and using the area as a municipal waste dump.

In 1996, Anchorage began construction on the Bellevue Park and Lake site.

The construction allegedly changed the natural flow of rain water causing, among other things, water to accumulate on the plaintiffs' property. In 1997, MSD issued a stop-work order compelling Anchorage to cease construction until MSD approved the construction. Despite noting deficiencies in Anchorage's plan, MSD allegedly approved the project without informing neighboring landowners. The plaintiffs allege two causes of action against MSD. First, the plaintiffs allege that MSD has taken their property in violation of the United States Constitution and the Kentucky Constitution by consenting to Anchorage's actions. Second, the plaintiffs allege that MSD's actions "created, constituted, and continue to constitute a continuing nuisance and a continuing trespass." (Compl. ¶ 164).[1]

**Standard of Review**

The court will dismiss a case under Rule 12(b)(6) where the movant establishes beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must consider the pleadings in the light most favorable to the plaintiff and the factual allegations in the complaint must be taken as true. *Jones*, 3 F.3d at 947 (1993).

**Takings Claims under the United States Constitution and the Kentucky Constitution**

Both the United States Constitution and the Kentucky Constitution prohibit the government from taking private property without providing just compensation to

---

[1] In their response to MSD's motion, the plaintiffs also argue that MSD may have an interest in the declaratory relief sought and, therefore, MSD is a proper party. Reviewing the Second Amended Complaint, the plaintiffs' claims for declaratory relief do not seek a declaration of rights against MSD. *See* 28 U.S.C. § 2201

the owner.[2] *E.g., Tahoe-Sierra Preservation Council v. Tahoe Regional Planning Agency*, 535 U.S. 302, 322 (2002); *V.T.C. Van Lines, Inc. v. City of Harlan*, 313 S.W.2d 573, 575 (Ky. 1957) *abrogated on other grounds by Haney v. City of Lexington*, 386 S.W. 2d 738 (Ky. 1964).

"When the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner." *Tahoe-Sierra*, 535 U.S. at 322. However, that the government regulates an owner's use of its land does not mean that the government has taken property. *Id.* (specifically discussing government restrictions on land use). Similarly, that the government permits a party to use its land in a particular fashion – such as by issuing a construction permit – does not mean that the government has taken property, even when the party's activities negatively impact a third party. *See id.* Otherwise, the government might be liable for any damage caused by a government-regulated actor. Such a rule would turn the government into a *de facto* insurer and would make "government regulation into a luxury few governments could afford." *Id.*

The plaintiffs argue that due process required MSD to inform them that it was about to issue a permit to Anchorage. The plaintiffs cite *Lindsey v. Greene*, 649 F.2d 425, 426 (6th Cir. 1981) and *Schroeder v. New York,* 371 U.S. 208, 211-13

---

[2] Although the plaintiffs' causes of action derive from similar clauses in the United States and the Kentucky Constitutions, they cite no authority to suggest that the court should treat the respective takings clauses differently. Because the clauses are similar, the court will employ the same analysis for both takings claims.

(1962). These cases require the government to inform affected parties before taking property. However, for reasons already stated, MSD did not take the plaintiffs' property by issuing a permit to Anchorage. Therefore, the plaintiffs' takings claims against MSD must be dismissed.

**Trespass**

Trespass requires that a defendant enter – or directly cause something else to enter – the plaintiff's property. *See, e.g., Bowman v. Hibbard*, 236 S.W.2d 938, 939 (Ky. Ct. App. 1951); *Hughett v. Caldwell County*, 230 S.W.2d 92, 94 (Ky. Ct. App. 1950); 13 David J. Leibson, *Kentucky Practice: Tort Law*, § 6.1 (West 2005). In this case, the plaintiffs allege that MSD issued a construction permit to Anchorage, and that Anchorage's construction caused the water to accumulate on their property. While these allegations may be sufficient to subject Anchorage to liability for trespass, they are insufficient as to MSD. Therefore, this claim must be dismissed.

**Nuisance**

Nuisance requires that a defendant unreasonably use its own property. K.R.S. § 411.520. *See also Lynn Mining Co. v. Kelly*, 394 S.W.2d 755, 758 (Ky. Ct. App. 1965); *Taylor v. Carrico*, 528 S.W.2d 694, 696 (Ky. Ct. App. 1975). In this case, the plaintiffs allege that Anchorage – not MSD – used its property unreasonably. Therefore, the plaintiffs have failed to state a claim for nuisance against MSD. Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss (DE 81) is **GRANTED**.

Signed on  February 3, 2006

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**