UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 04-677-C**

**LAWRENCE SCOTT CLARK, ET AL.,**                                                            **PLAINTIFFS,**

**V.**                        **MEMORANDUM OPINION AND ORDER**

**CITY OF ANCHORAGE, ET AL.,**                                                     **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on Louisville/Jefferson County Metro Government's motion for summary judgment against the plaintiffs, Lawrence and Angela Clark, and the third-party defendants, James and Cynthia Miller. The Millers have not responded to the motion. The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

**Facts:**

These facts are presented in the light most favorable to the plaintiffs, who are the non-moving parties. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The plaintiffs filed this complaint seeking a battery of remedies against several defendants for their misuse of Bellevue Park and Lake ("Bellevue"). Bellevue is on the border of the cities of Anchorage and Middletown, and was originally dedicated for public use in 1919. Beginning in the 1960s, Anchorage began using the property in a manner inconsistent with the original dedication, draining and filling the lake and using the area as a municipal waste dump. In 1996, Anchorage

began construction at Bellevue which changed the natural flow of rain water and caused water to accumulate on the plaintiffs' property.

The plaintiffs allege that Bellevue was within the Louisville Metro Government, Department of Public Works's ("Metro") jurisdiction; that Metro approved the project; and, that by so approving, Metro took their property in violation of the United States and Kentucky Constitutions. They also allege that Metro committed the torts of trespass and nuisance, and that Metro is a necessary party to their action for declaratory relief. Metro claims that if it approved Anchorage's construction, it did so only after consulting with other parties, including James and Cynthia Miller. Accordingly, Metro filed a third-party complaint against the Millers seeking indemnification and contribution. The Millers subsequently filed a counterclaim against Metro alleging a taking, trespass, and nuisance.

**Standard of Review:**

"Summary judgment is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (citing Fed. R. Civ. P. 56(c)). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In deciding the motion, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. A

judge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* A genuine issue exists only when there is sufficient evidence on which the jury could reasonably find for the plaintiff. *Browning*, 283 F.3d at 769. The initial burden of showing the absence of a genuine issue of material fact is on the moving party. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the opposing party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**Analysis:**

**I.    "Taking" Under the United States and Kentucky Constitutions:**

Both the United States and the Kentucky Constitutions prohibit the government from taking private property without providing just compensation to the owner.[1] *E.g., Tahoe-Sierra Preservation Council v. Tahoe Regional Planning Agency*, 535 U.S. 302, 322 (2002); *V.T.C. Van Lines, Inc. v. City of Harlan*, 313 S.W.2d 573, 575 (Ky. 1957) *abrogated on other grounds by Haney v. City of Lexington*, 386 S.W. 2d 738 (Ky. 1964). "When the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner." *Tahoe-Sierra*, 535 U.S. at 322. However,

---

[1] Although the Clarks' causes of action derive from similar clauses in the United States and the Kentucky Constitutions, they cite no authority to suggest that the court should treat the respective "takings" clauses differently. Because the clauses are similar, the court will employ the same analysis for both "takings" claims.

that the government regulates the use of property does not mean that a "taking" has occurred. Nor is there a "taking" where a party, acting within the bounds of government a regulation, uses its property in a manner that harms the property of a third party. *See id.* Therefore, even if Metro approved of the construction – an allegation for which the nonmoving parties have offered no evidentiary support – that action does not constitute a "taking."

The plaintiffs argue that *Lindsey v. Greene*, 649 F.2d 425, 426 (6th Cir. 1981), required Metro to inform them of the construction at Bellevue. *Greene* requires the government to notify an affected party before taking property. However, for reasons already stated, Metro did not take either the Clarks' or the Millers' property. Therefore, Metro is entitled to summary judgment against both parties.

## II.     Trespass and Nuisance:

Trespass requires that a defendant enter – or directly cause something else to enter – the plaintiff's property. *See, e.g., Bowman v. Hibbard*, 236 S.W.2d 938, 939 (Ky. 1951); *Hughett v. Caldwell County*, 230 S.W.2d 92, 94 (Ky. 1950). Nuisance requires that a defendant unreasonably use its own property. K.R.S. § 411.520. *See also Lynn Mining Co. v. Kelly*, 394 S.W.2d 755, 758 (Ky. 1965). Metro argues that there is no evidence that it caused anything to enter the Clarks' or the Millers' property, or that it used its own property unreasonably. As neither the Clarks nor the Millers has responded to this argument or offered any evidence

4

to show the existence of a material fact, Metro is entitled to summary judgment on these claims.

### III.  Declaratory Judgment

The plaintiffs argue that Metro is a necessary party to the declaratory action because the property at issue is within Metro's jurisdiction. However, they offer no evidence as required by Rule 56 to contradict Metro's argument that the property dispute involves only the plaintiffs, Anchorage, and Middletown. Reviewing the Second Amended Complaint, the plaintiffs seek a declaration of rights regarding Anchorage and Middletown's relationship to Bellevue and to each other. (DE 111, at ¶¶ 110-132). Moreover, in their responsive brief, the plaintiffs argue that a 1987 decision from Jefferson Circuit Court holds that Bellevue is within the municipal boundaries of Middletown. (DE 147, at 8). Because the Clarks have not shown that Metro is a necessary party to the declaratory action, the court will not require Metro's participation in it. *See* 28 U.S.C. § 2201 (the court may declare the rights and obligations of interested parties). Accordingly,

**IT IS ORDERED** that Metro's motion for summary judgment (DE 140) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion for leave to file a sur-reply (DE 150) is **DENIED**, as no such pleading is contemplated by the Federal Rules of Civil Procedure.

Signed on  July 18, 2006

                                                        **Jennifer B. Coffman, Judge**
                                                        **United States District Court**